**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES E. ORTEGO; et al., | Nos. 17-35030 |
| Plaintiffs-Appellants, | 17-35372 |
| v. | D.C. No. 2:14-cv-01840-RSL |
| LUMMI ISLAND SCENIC ESTATES COMMUNITY CLUB, INC., a Washington non-profit corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| CHARLES E. ORTEGO; et al., | No. 17-35337 |
| Plaintiffs-Appellees, | D.C. No. 2:14-cv-01840-RSL |
| v. | |
| LUMMI ISLAND SCENIC ESTATES COMMUNITY CLUB, INC., a Washington non-profit corporation; et al., | |
| Defendants-Appellants. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted June 12, 2018
Seattle, Washington

Before:  D.W. NELSON and WATFORD, Circuit Judges, and PREGERSON,[**] District Judge.

**1.**  The district court properly determined that the Lummi Island Scenic Estates Community Club, Inc. (LISECC) has continuing authority to govern all of the properties comprising Lummi Island Scenic Estates (LISE).  Under Washington law, "the clear intent of a restrictive covenant is determined by the purposes sought to be accomplished by the covenant," *Lakes at Mercer Island Homeowners Ass'n v. Witrak*, 810 P.2d 27, 29 (Wash. App. 1991), and courts may consider "extrinsic evidence" relevant "to the entire circumstances under which the contract was made, as an aid in ascertaining the parties' intent," *Berg v. Hudesman*, 801 P.2d 222, 229 (Wash. 1990) (en banc); *see also Hollis v. Garwall, Inc.*, 974 P.2d 836 (Wash. 1999) (en banc).  Although the plats establishing Divisions 1–5 identify a non-existent corporation rather than LISECC as the governing collective membership entity, it is clear from LISE's history and LISECC's articles of

---

[**]        The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

incorporation that the intention of the plats' drafters was for all of the plats to be governed by LISECC. The Supreme Court of Washington has also explained that "[i]n discerning the parties' intent, subsequent conduct of the contracting parties may be of aid, and the reasonableness of the parties' respective interpretations may also be a factor in interpreting a written contract." *Berg*, 801 P.2d at 229. Thus, the fact that no lot owners challenged LISECC's authority over Divisions 1–5 until at least fifty years after LISECC's founding supports the interpretation that LISECC governs all LISE properties.

The district court properly concluded that the sunset clause contained in the plats establishing Divisions 3–10 does not apply to the provision conveying common areas to LISECC, mandating membership in LISECC, and requiring adherence to LISECC's articles of incorporation and bylaws. Again, this interpretation is supported by the intent of the developers: As the district court observed, LISECC's governing documents included no provisions for a lot owner's withdrawal of membership, or for the overall drop in membership that would result if the sunset clause were applicable to LISECC membership. Additionally, the conduct of the lot owners at and subsequent to the time when the sunset clause would have taken effect indicates that the community assumed that all lot owners were perpetual members of LISECC. Moreover, we "place special emphasis on

arriving at an interpretation that protects the homeowners' collective interests." *Riss v. Angel*, 934 P.2d 669, 676 (Wash. 1997) (en banc) (internal quotation marks omitted); *see also Jensen v. Lake Jane Estates*, 267 P.3d 435, 438 (Wash. App. 2011). Because enforcing the sunset clause would jeopardize the homeowners' collective interests by sundering the homeowners' association, the best interpretation of the covenant is that the sunset clause does not apply to membership in LISECC.

**2.** The district court properly granted summary judgment in favor of the Defendants on the breach of fiduciary duty claim. Plaintiffs may disagree with the LISECC directors' strategies for maintaining the community's water system, but it is not the place of this court to "substitute its judgment for that of the Board." *Riss*, 934 P.2d at 679. Plaintiffs supplied no evidence to suggest that the directors failed to act "reasonably and in good faith" in their stewardship of the water system. *Id.* To the contrary, the record reflects that the Board hired two full-time water treatment specialists, publicly posted reports by its water system manager, and made incremental repairs as recommended by outside experts. To the extent Plaintiffs' fiduciary duty claim is based on the Board's failure to undertake a major overhaul of the water system, it fails because there is no evidence that such an

overhaul is the only reasonable course of action in light of LISECC's available resources and the system's repair needs.

With respect to Plaintiffs' allegations concerning the Board's financing of water system repairs, there is no evidence that the Board's use of funds violated either the terms of its loan from the state water board or Washington law. Finally, Plaintiffs' claim must fail to the extent that it is premised on the directors' alleged violation of LISECC's bylaws by shifting the cost of improvements to the water system to all members, including non-users. The Board's interpretation of its bylaws as not requiring a vote on the issue because the water system is a capital asset held in common by the community is entitled to "great deference" and cannot be deemed "arbitrary and unreasonable." *Parker Estates Homeowners Ass'n v. Pattison*, 391 P.3d 481, 487 (Wash. App. 2016).

**3.** The district court did not abuse its discretion in denying Plaintiffs' motion for sanctions. Plaintiffs provided neither the authority to support sanctions nor a meaningful explanation of why sanctions were warranted, both of which are required by Federal Rule of Civil Procedure 11. And although Plaintiffs claim that they incorporated by reference the arguments they made in another pleading, Rule 11 requires that parties move for sanctions "separately from any other motion." Fed. R. Civ. P. 11(c)(2). Given these deficiencies, the record does not compel a

"definite and firm conviction that the court below committed a clear error of judgment" in denying the motion for sanctions. *Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1537 (9th Cir. 1993) (internal quotation marks omitted).

**4.** The district court properly denied Defendants' motion for attorneys' fees, which Defendants sought pursuant to a provision in LISECC's bylaws providing that members shall pay to LISECC "attorney fees and costs reasonably incurred in enforcing" the payment of "dues, assessments, charges, interest, fines or penalties." This lawsuit was grounded in determining the scope of LISECC's governing authority over LISE properties. It cannot fairly be characterized as a collection or enforcement action that could trigger the imposition of attorneys' fees under LISECC's bylaws.

**AFFIRMED.**